# Court of Appeals
# of the State of Georgia

ATLANTA,   April 04, 2025

*The Court of Appeals hereby passes the following order:*

**A25E0088.  A & M HOSPITALITIES, LLC et al. v. HONORABLE HOWARD E. MCCLAIN, SENIOR JUDGE.**

In *A & M Hospitalities, LLC v. Alimchandani*, 373 Ga. App. 704, 711 (1) (b) (908 SE2d 741) (2024) ("*A & M IV*"), which represented the fourth appearance of this protracted litigation before this Court, we held that A & M Hospitalities, LLC, JDS&J Enterprises, LP, David Motley, Jane Motley, Motmanco, Inc., Motmanco, LLC, JPM Advertising, Inc., and DJ Land & Development, LLC (the "defendants") were "entitled to reimbursement of any funds that they paid to [Michael] Lambros from the receivership property, and any funds that they paid to Lambros for his receiver fees." We also determined that "the defendants are entitled to reimbursement for any fees that were paid to [Christopher] Cohilas for the work he performed during the period after we reversed the order appointing him as an auditor." Id. at 713 (2) (b).

Citing Article VI, Section I, Paragraph IV of the Ga. Constitution of 1983, the defendants assert that this Court has jurisdiction to hear this original mandamus petition to protect or effectuate this Court's judgment. Based on the materials submitted in connection with the defendants' mandamus petition, it appears that after our decision in *A & M IV*, the defendants submitted proposed orders in the trial court which would have required Lambros and Cohilas to pay the defendants certain fees that the defendants had paid to them for their respective roles as receiver and auditor. The trial court declined to issue these proposed orders. As to Lambros, the trial court stated that any remedy the defendants had was "solely against Plaintiff [Prenita

Alimchandani]." With respect to Cohilas, the trial court ordered Alimchandani to reimburse A & M Hospitalities $61,303.40.

The defendants filed notices of appeals challenging the trial court's orders, and those appeals have not yet been docketed in this Court. We agree that the defendants raise a colorable claim that the trial court and/or Lambros and Colihas are flouting this Court's directives as to reimbursement. However, given that the trial court's orders raise equitable considerations pertaining to reimbursement that do not appear to have been at issue in the prior appearances of this case before this Court, and given the pending appeals of those orders, we are constrained to conclude that this is not one of those "extremely rare" cases in which this Court will exercise its original mandamus jurisdiction. See *Arnold v. Alexander*, ___ Ga. ___, ___ (1) n. 6 (___ SE2d ___) (2025) (citation and punctuation omitted). However, we are mindful that the defendants' direct appeal, with the benefit of the full record, will permit this Court to evaluate the issues raised in the defendants' petition. Accordingly, the defendants' petition is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,__04/04/2025_____*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*